**UNITED STATES of America, Plaintiff,**

v.

**Rosalind R. BURTON, Defendant.**

**No. 4:CR93–3048.**

United States District Court,
D. Nebraska.

Aug. 18, 1993.

48

Sara Fullerton, Lancaster County Attorney's Office, Lincoln, NE, for plaintiff.

Bradley P. Roth, Burns & Associates, Lincoln, NE, for defendant.

## MEMORANDUM AND ORDER

KOPF, District Judge.

Rosalind R. Burton (Burton) objects to the report and recommendation of Judge Piester (filing 17) refusing to suppress statements Burton made at her initial appearance and detention hearing before Judge Piester. Concluding that Burton's objection has merit, I reject the report and recommendation, and grant the defendant's motion to suppress (filing 15).

### I.

On Thursday, June 24, 1993, Burton appeared before Judge Piester for her initial appearance. Judge Piester informed Burton of certain of her rights including these: the right to remain silent; the right to counsel; and, the right to appointment of counsel in the event of indigence. Burton indicated that she wanted counsel to represent her, and filled out a financial affidavit to secure the appointment of counsel due to indigence.

Judge Piester then notified Burton that, although the government had no position on detention, the pretrial service officer was recommending detention. The Judge then told Burton that she had a right to have a hearing on the question of detention and that she had the right to be represented by counsel. Judge Piester told Burton, "We can either have that hearing right now or we can postpone it until the time of arraignment on Monday ..." (TR 4:12–15). Burton, apparently understanding that she would be detained pending a hearing, answered: "We can do it right now." (TR 4:15–16).

Judge Piester then gave Burton the opportunity to speak, but cautioned her that "as I said to you a moment ago, you're under no obligation to speak." (TR 4:22–24). Burton then commented on the pretrial service report.

Judge Piester then asked the prosecutor to summarize the evidence. The prosecutor responded with a brief summary. Burton then asked to respond, and Judge Piester again cautioned: "I want to remind you again that anything that you say could be used against you." (TR 7:8–10). Burton then made a statement.

On June 24, 1993 Burton was detained (filing 4). After the hearing counsel was appointed. In the following days Burton was arraigned and released from jail. Counsel promptly filed a motion to suppress contending that the statements Burton had made at the initial appearance and detention hearing should be suppressed as violative of Burton's Fifth and Sixth Amendment rights.

Judge Piester finding that *Miranda v. Arizona,* 384 U.S. 436, 478, 86 S.Ct. 1602, 1629, 16 L.Ed.2d 694 (1966), did not apply, denied Burton's motion. He did not address the Sixth Amendment claims.

## II.

I conclude that the motion to suppress must be granted. Burton invoked, and then tacitly withdrew, her right to counsel. The record is not sufficient to allow me to conclude that her implicit waiver of counsel was knowing or voluntary.

It is clear that Burton wanted a hearing on June 24, 1993[1] rather than have to wait in jail until the following Monday. She understood that counsel could not be appointed soon enough to have a hearing take place before Monday[2], and thus she was faced with this choice: proceed to a detention hearing without counsel in the hope of being released without having to spend a number of days in jail, or stand on her right to counsel and wait in jail until the following Monday.

Had Burton secured counsel her lawyer could have proceeded to explain her detention position by "proffer or otherwise." 18 U.S.C. § 3142(f). This would have protected Burton from making harmful admissions. Moreover, her counsel could have advised her to tell the pretrial service officer her position and in such event Burton's statements (unless used for purposes of impeachment) could not have been used against her. 18 U.S.C. § 3153(c)(1). See also *United States v. Wilson*, 930 F.2d 616, 619 (8th Cir.), cert. denied — U.S. —, 112 S.Ct. 208, 116 L.Ed.2d 167 (1991). However, Burton elected to proceed without counsel, and, once again, proved the maxim that "she who represents herself has a fool for a client."

█ Given the fact that Burton invoked her right to counsel, the question in this case is whether her subsequent waiver of counsel can stand. There is no doubt that Burton had a right to a lawyer at the detention hearing because the relevant statute explicitly guarantees the right to counsel and the right to appointment of counsel. 18 U.S.C. § 3142(f). When a pretrial detainee waives rights guaranteed under 18 U.S.C. § 3142(f) the presiding judicial officer should obtain a waiver on the record which comports with *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). See *United States v. Ridinger*, 623 F.Supp. 1386, 1401 (W.D.Mo.1985) (when accepting a waiver of rights under 18 U.S.C. § 3142(f) a magistrate judge should secure a waiver on the record in accordance with *Johnson v. Zerbst*).

█ In this case the record is not adequate to conclude that Burton understood the consequences of proceeding at the detention hearing without a lawyer.[3] At no time was Burton explicitly asked whether she understood that she was in effect electing to proceed without counsel during the detention hearing, or of the consequences of doing so. Moreover, given the fact that Burton was faced with waiting days in jail before she could have a hearing with counsel, it is not possible on this record to presume that the implicit waiver was voluntary.

*Johnson v. Zerbst* made clear that "[w]hile an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the [judge], and it would be fitting and appropriate for that

1. Judge Piester suggests that the initial appearance and detention hearing was conducted on "Friday" ((filing 17) Report and Recommendation at 1) but the calendar indicates that June 24, 1993 was a Thursday. Judge Piester told Burton that she had the option of having "that hearing right now or we can postpone it until the time of arraignment on Monday." (TR 4:12–14). Thus, Burton was facing three full days in jail before she could litigate the detention issue with the assistance of counsel.

2. Judge Piester acknowledged that counsel could not be made available until Monday ((Filing 17) Report and Recommendation at 1).

3. Contrary to the government's position, Brief in Response to Defendant's Objection to Recommendations of the Magistrate at 3–4, the waiver of Burton's privilege against self-incrimination cannot be construed as a knowing and voluntary waiver of her right to counsel. It is one thing to know that one's statements may be inculpatory, and an entirely different thing to appreciate the consequences of waiving the assistance of a lawyer. A specific warning must be given. See e.g. *United States v. Yagow*, 953 F.2d 427, 431 (8th Cir.) (discussing the model inquiry regarding waivers of counsel found in 1 Bench Book for United States District Judges § 1.02 (3d ed. 1986), and stating that the "court should give the defendant a *specific warning, on the record, of the dangers and disadvantages of self-representation.*" (emphasis added)), cert. denied — U.S. —, 113 S.Ct. 103, 121 L.Ed.2d 62 (1992). There was no such specific warning in this case.

determination to appear upon the record." 304 U.S. at 465, 58 S.Ct. at 1023. Since the record in this case is essentially silent [4] as to whether the waiver of counsel was knowing and voluntary, the motion to suppress shall be granted.

IT IS ORDERED that:

1. The motion to suppress (filing 15) is granted and no statements Burton made at the detention hearing shall be presented as evidence against her at trial; and,

2. The court rejects the report and recommendation (filing 17).

---

4. This finding should not be construed as a criticism of Judge Piester. It is evident that he labored hard to protect the rights of Burton, and yet provide her with a speedy determination on the issue of detention.